UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6216** CR-ZLOCH

21 U.S.C. § 331
21 U.S.C. § 333

**MAGISTRATE JUDGE
SELTZER**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEVEN GROSS, | ) |
| | ) |
| Defendant. | ) |

## INFORMATION

The United States Attorney charges that:

### COUNT I

At all times relevant to this information:

1. The United States Food and Drug Administration (FDA) was the agency of the United States responsible for, among other things, enforcing the provisions of the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Section 301 et seq.

2. Viagra was a drug within the meaning of Title 21, United States Code, Section 321(g)(1)(C), and further was a prescription drug within the meaning of Title 21, Section 353(b)(1)(A), in that, due to its toxicity and other potentiality for harmful effect, Viagra was not

safe for use except under the supervision of a practitioner licensed by law to administer such drug. Viagra was also a prescription drug within the meaning of Title 21, United States Code, Section 353(b)(1)(B) because its application, approved by the FDA under Title 21, United States Code, Section 355, limited Viagra to use under the professional supervision of a physician.

3. The FDA-approved Package Insert (labeling) for Viagra stated that Viagra was indicated for the treatment of erectile dysfunction. The labeling also stated:

> The evaluation of erectile dysfunction should include a determination of potential underlying causes and the identification of appropriate treatment following a complete medical assessment.

The FDA-approved labeling for Viagra warned of "a potential for cardiac risk" in certain patients; warned that "prior to prescribing VIAGRA, physicians should carefully consider whether their patients with underlying cardiovascular disease could be affected adversely . . ."; warned that there "is no controlled clinical data on the safety or efficacy of VIAGRA" in certain patient populations; and warned of possible interactions with other drugs.

4. Viagra was manufactured by Pfizer, Inc., at facilities located outside of the State of Florida, and sent to Florida in interstate commerce for distribution to consumers in Florida and elsewhere.

5. The Federal Food, Drug, and Cosmetic Act made it unlawful to commit any act with respect to a drug if the act was done while the drug was held for sale after shipment in interstate commerce and resulted in the drug being misbranded. Title 21, United States Code, Section 331(k). Dispensing a prescription drug such as Viagra without the prescription of a physician was an act that resulted in the Viagra being misbranded while held for sale. Title 21,

United States Code, Section 353(b)(1).

6.  The defendant, STEVEN GROSS, was one of the owners and operators of an Internet website called Viagra-Sex.com which was located at www.Viagra-Sex.com. The website was accessible to consumers in the United States, including in the Southern District of Florida. The defendant advertised, offered for sale, sold, and arranged for the dispensing of Viagra from this website to consumers, including consumers located in the Southern District of Florida.

7.  The defendant did not require consumers to have a prescription prior to ordering Viagra from the defendant's web site. Instead, the defendant charged consumers a medical evaluation fee of $65.00 in order for medical information provided by the consumer on the web site to be evaluated by a physician for the issuance of a prescription of Viagra. The personal and medical information required of consumers was neither verified nor sufficient for a proper medical diagnosis and prescribing of Viagra.

8.  To fill customer's orders for Viagra, the defendant would submit the orders to a cooperating pharmacy located in the Southern District of Florida with instructions to fill the order and to send the requested Viagra to the customer via the mails.

9.  The defendant regularly provided customer's orders for Viagra to the pharmacy prior to a licenced physician having authorized the dispensing of Viagra to the customers. The pharmacist thereafter dispensed and delivered the Viagra to the customers by shipping it via the United States mail prior to a licenced physician authorizing the dispensing.

10. From in or about September, 1999, to on or about February 28, 2000, at Broward and Palm Beach Counties, within the Southern District of Florida, defendant,

STEVEN GROSS,

did knowingly cause to be dispensed a quantity of the prescription drug Viagra contrary to the provisions of Title 21, United States Code, Section 353(b)(1), in that the Viagra was dispensed without lawful prescriptions of a practitioner licensed by law to administer Viagra, and the defendant did so while the Viagra was held for sale after shipment in interstate commerce, and the acts resulted in the Viagra being misbranded.

All in violation of Title 21, United States Code, Sections 331(k) and 333(a)(1).

GUY A. LEWIS
UNITED STATES ATTORNEY

ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| STEVEN GROSS | **Superseding Case Information:** |

**Court Division:** (Select One)

New Defendant(s)     Yes ___   No ___
Number of New Defendants ___
Total number of counts ___

___ Miami    ___ Key West
X   FTL      ___ WPB ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No) __NO__
   List language and/or dialect _____

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                  (Check only one)

   I    0 to 5 days        __X__     Petty        ____
   II   6 to 10 days       ____      Minor        ____
   III  11 to 20 days      ____      Misdem.      __X__
   IV   21 to 60 days      ____      Felony       ____
   V    61 days and over   ____

6. Has this case been previously filed in this District Court? (Yes or No) __NO__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) __NO__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: 00-4625, 4626 and 4627-LSS
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) __NO__

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No    If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

ROBERT N. NICHOLSON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0993996

*Penalty Sheet(s) attached                                      REV.6/27/00

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET**

Defendant's Name: __STEVEN GROSS_____ No. _____

Count #: I   21:331(k) and 333(a)(1); Misbranding drugs

*Max. Penalty: One (1) year imprisonment and $100,000 fine
Count #: _____

*Max. Penalty: _____

Count #: _____

Max. Penalty: _____

Count#: _____

Max. Penalty: _____

Count#: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____

Count #: _____

*Max. Penalty: _____


*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96